# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-5276**  September Term, 2006

07cv01021

Filed On: August 23, 2007

[1062518]

Federal Trade Commission,
     Appellant

   v.

Whole Foods Market, Inc., et al.,
     Appellees

**BEFORE**: Sentelle, Tatel, and Kavanaugh, Circuit Judges

## O R D E R

Upon consideration of the emergency motion of the Federal Trade Commission for an injunction pending appeal, the opposition thereto, the reply, the supplemental opposition, and the supplemental reply; and the motion for leave to file amicus brief, and the lodged amicus brief, it is

**ORDERED** that the motion for leave to file amicus brief be granted. The Clerk is directed to file the lodged document. It is

**FURTHER ORDERED** that the administrative injunction issued August 20, 2007 be dissolved and the motion for an injunction pending appeal be denied. Although the FTC has raised some questions about the district court's decision, it has failed to make a "strong showing that it is likely to prevail on the merits of its appeal." Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977); see also FTC v. Weyerhaeuser Co., 648 F.2d 739, 741 (D.C. Cir. 1981). The FTC must show that the district court, in denying the preliminary injunction, abused its discretion by making clearly erroneous factual findings or errors of law. FTC v. Beatrice Foods Co., 587 F.2d 1225, 1230 (D.C. Cir. 1978); Weyerhaeuser, 648 F.2d at 741. At this stage, the FTC has failed to meet that burden.

**Per Curiam**

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-5276**  September Term, 2006

07cv01021

Filed On: August 20, 2007

[1061358]
Federal Trade Commission,
      Appellant

    v.

Whole Foods Market, Inc. and Wild Oats Markets, Inc.,
      Appellees


    **BEFORE**:    Sentelle, Tatel, and Kavanaugh, Circuit Judges

## O R D E R

    Upon consideration of the emergency motion of the Federal Trade Commission for an injunction pending appeal, the opposition thereto, and the reply, it is

    **ORDERED** that Whole Foods Market, Inc. be enjoined from taking any further steps to acquire the stock, assets, or any other interest in Wild Oats Markets, Inc., directly or indirectly, pending further order of the court. The purpose of this administrative injunction is to give the court sufficient opportunity to consider the merits of the motion for an injunction and should not be construed in any way as a ruling on the merits. See D.C. Circuit Handbook of Practice and Internal Procedures 32 (2007). It is

    **FURTHER ORDERED**, on the court's own motion, that appellees file a supplemental response to the emergency motion by 4:00 p.m. on Wednesday, August 22, 2007, specifically addressing each of the eight reversible errors appellant alleges were committed by the district court. See Emergency Motion for Injunction Pending Appeal at 13-14. Any reply is due by 12:00 noon on Thursday, August 23, 2007. The parties are directed to file and serve their pleadings by hand.

**Per Curiam**